# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, *et al.,* | 2:12-cv-00205-KJD -VCF |
| Plaintiffs, | **ORDER** |
| vs. | **(Motion To Re-Open Discovery #11)** |
| PRO-CUT*, LLC,* | |
| Defendant. | |

Before the court is the plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust *et al*'s (hereinafter "Trust Funds") Motion To Re-Open Discovery. (#11). Defendant Pro-Cut, LLC did not file an Opposition, and plaintiffs filed a Notice of Non-Opposition (#13).

**A.     Background**

On April 18, 2012, the court signed the parties' discovery plan and scheduling order, which provided for a discovery cut-off date of August 29, 2012. (#9). On July 24, 2012, the Trust Funds noticed the defendant's Rule 30(b)(6) deposition for August 16, 2012. *Id* (Exhibit 2). Upon defense counsel's request, Trust Funds rescheduled the deposition for September 14, 2012, *after* the close of discovery. *Id* (Exhibits 1 & 3). On August 20, 2012, the Trust Funds noticed the deposition to take place on September 14, 2012. *Id*. The subject of the deposition was noticed as "Pro Cut's business operations, employees, clients, principals, commonalities with B. Witt, and all other matters at issue in the above-referenced case." *Id.*

The deposition was conducted on September 14, 2012, and defendant produced Mark David Haley as its person most knowledgeable. *Id* (Exhibit 4). Plaintiffs Trust Funds assert that Mr. Haley "lacked knowledge of important issues set forth in the Notices of Deposition dated July 24, 2012, and August 20, 2012." *Id.* Mr. Haley testified during the deposition that he only joined Pro-Cut as its general manager in September of 2011, and that he has no knowledge of Pro-Cut prior to that date. *Id.* (Exhibit 4).

B.    **Trust Funds' Motion**

Trust Funds ask this court to reopen discovery to permit them to re-depose a Rule 30(b)(6) witness who possesses knowledge of the topics identified in the notices of depositions (Exhibits 2 & 3). (#11). Trust Funds assert that "good cause" and 'excusable neglect" exist, and state that this is the first request for an extension of discovery. *Id.* Trust Funds argue that the defendant delayed the deposition until after discovery, and then, "in bad faith,...sent a person who lacked any knowledge that would prove or disprove any commonalities between B. Witt and Pro- Cut as expressly set forth in the Notice of Deposition." *Id.* For this reason, Trust Funds assert, re-opening discovery is necessary. *Id.*

Defendant Pro-Cut did not file an opposition. Trust Funds filed a notice of non-opposition, stating that as the deadline to oppose the motion (#11) passed, defendant Pro-Cut has consented to the granting of the motion pursuant to Local Rule 7-2(d). (#13).

C.    **Discussion**

As defendant Pro-Cut did not file an opposition to rebut Trust Funds' arguments, granting Trust Funds' motion is appropriate. *See* LR 7-2(d)(stating that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). The court finds, however, that since the only discovery to complete is the defendant's Rule 30(b)(6) deposition, completely re-opening discovery is not necessary. Trust Funds are permitted to notice the defendants' Rule 30(b)(6) deposition for a date on or before November 7, 2012. Pro-Cut

must produce an individual knowledgeable on the topics identified in the notices of deposition dated July 24, 2012 (Exhibit 2), and August 20, 2012 (Exhibit 3).  Failure to do so may result in sanctions.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust *et al*'s (hereinafter "Trust Funds") Motion To Re-Open Discovery (#11) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery is not reopened.

IT IS FURTHER ORDERED that Trust Funds may notice the deposition of Pro-Cut's Rule 30(b)(6) witness to be conducted on or before November 7, 2012.

IT IS FURTHER ORDERED that Pro-Cut must produce a Rule 30(b)(6) witness who is knowledgeable regarding "Pro Cut's business operations, employees, clients, principals, commonalities with B. Witt, and all other matters at issue in the above-referenced case."  Failure to do so may result in sanctions.

DATED this 22nd day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE