UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***



| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>PRO-CUT, LLC,<br><br>Defendant. | 2:12-cv-00205-KJD -VCF<br><br>**ORDER**<br><br>**(Motion For Order To Show Cause for Violating A Court Order and/or Sanctions #21)** |

Before the court is Defendant Pro-Cut, LLC's Motion For Order To Show Cause for Violating A Court Order and/or Sanctions. (#21). Plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust *et al*'s (hereinafter "Trust Funds") filed an Opposition (#26), and Pro-Cut filed a Reply (#27). The court held a hearing on April 10, 2013.

**A.  Background**

On February 8, 2013, plaintiffs Trust Funds filed their complaint against defendant Pro-Cut. (#1). Pro-Cut filed its answer on March 2, 2013. (#7). On April 18, 2012, the court signed the parties' discovery plan and scheduling order, which provided for a discovery cut-off date of August 29, 2012. (#9). On July 24, 2012, Trust Funds noticed the defendant's Rule 30(b)(6) deposition for August 16, 2012. *Id* (Exhibit 2). Upon defense counsel's request, Trust Funds rescheduled the deposition for September 14, 2012, *after* the close of discovery. *Id* (Exhibits 1 & 3). On August 20, 2012, the Trust Funds noticed the deposition to take place on September 14, 2012. *Id.* The subject of the deposition

was noticed as "Pro Cut's business operations, employees, clients, principals, commonalities with B. Witt, and all other matters at issue in the above-referenced case." *Id.*

The deposition was conducted on September 14, 2012, and defendant produced Mark David Haley as its person with knowledge. *Id* (Exhibit 4). Plaintiffs Trust Funds assert that Mr. Haley "lacked knowledge of important issues set forth in the Notices of Deposition dated July 24, 2012, and August 20, 2012." *Id.* Mr. Haley testified during the deposition that he only joined Pro-Cut as its general manager in September of 2011, and that he has no knowledge of Pro-Cut prior to that date. *Id.* (Exhibit 4). Trust Funds filed a motion asking the court to reopen discovery to permit them to re-depose a Rule 30(b)(6) witness who possesses knowledge of the topics identified in the notices of depositions (Exhibits 2 & 3). (#11). Trust Funds argued that the defendant delayed the deposition until after discovery, and then, "in bad faith,...sent a person who lacked any knowledge that would prove or disprove any commonalities between B. Witt and Pro-Cut as expressly set forth in the Notice of Deposition." *Id.* Defendant Pro-Cut did not file an opposition, and Trust Funds filed a notice of non-opposition (#13).

The court entered an order on October 22, 2012, granting in part and denying in part the motion to re-open discovery, stating that "since the only discovery to complete is the defendant's Rule 30(b)(6) deposition, completely re-opening discovery is not necessary." (#14). The court permitted Trust Funds to notice the defendants' Rule 30(b)(6) deposition for a date on or before November 7, 2012, and ordered Pro-Cut to produce "an individual knowledgeable on the topics identified in the notices of deposition dated July 24, 2012 (Exhibit 2), and August 20, 2012 (Exhibit 3)." *Id.* The court did not impose sanctions. *Id.* The deposition was conducted on November 5, 2012, and Pro-Cut produced Evelyn Jane Bruns-Witt as its person with knowledge. (#26-1 Exhibit 1).

On December 7, 2012, Trust Funds served subpoenas on Citibank and Silver State Bank. (#21 Exhibit 3). On the same day, Trust Funds filed a motion to reset deadlines, asking this court to "reset

the dispositive motion deadline from September 28, 2012, to at least January 7, 2013, and reset the deadline to file the Pretrial Order to at least March 4, 2013." (#17). Trust Funds asserted that, "having now conducted the deposition of the person most knowledgeable, Evelyn Bruns, [they] are in a position to file a Motion for Summary Judgment." *Id.* Pro-Cut filed an opposition (#18), and Trust Funds filed a Reply (#19). On January 7, 2013, Trust Funds filed a motion for summary judgment. (#20). Pro-Cut filed the instant motion for an order to show cause (#21) and a motion for summary judgment (#23) on January 8, 2013. Pro-Cut filed an opposition to the motion for summary judgment on January 14, 2013. (#24). The court issued an order on January 15, 2013, setting the deadline to file dispositive motions for January 31, 2013, and the deadline to file pretrial orders for March 4, 2013, or thirty days after final rulings on any dispositive motions, whichever is later. (#25).

Trust Funds filed an opposition to the motion for an order to show cause on January 24, 2013 (#26), and Pro-Cut filed a reply on January 28, 2013 (#27). Trust Funds filed a reply in support of their motion for summary judgment on January 31, 2013 (#28), and an opposition to Pro-Cut's motion for summary judgment on February 1, 2013 (#29). On February 27, 2013, the court issued a minute order scheduling a hearing on the motion for order to show cause (#21) for April 10, 2013. (#30).

**B.     Motion For Order to Show Cause**

Pro-Cut asks this court to enter an order to show cause why Trust Funds should not be sanctioned for violating this court's order (#14). (#21). Pro-Cut argues that Trust Funds' subpoenas were in "direct violation of an order from this court" as discovery was not re-opened, and that Trust Funds should be sanctioned under Rule 37. *Id.* Pro-Cut asserts that the court should dismiss the action based on this violation, but that if the court is not inclined to dismiss the action, the court should issue an order "prohibiting the [p]laintiff from any further violations or issue an order why they should not be held in contempt." *Id.* Pro-Cut also states that "[a]ny information obtained due to the intentional violation of the court's order should be excluded as evidence in the [p]laintiff's claim, but may be used

only if the [d]efendant believes it is allowed for the defense of their claim." *Id.* Pro-Cut also seeks attorneys' fees and costs in working with the banks and filing the instant motion. *Id.*

Trust Funds assert that this court should deny the motion for several reasons, including (1) Trust Funds simply engaged in follow-up after a court ordered deposition that was delayed and occurred outside the close of discovery due to Pro-Cut's failure to produce a proper deponent at the first deposition, (2) Rule 37 only pertains to orders to produce and respond to discovery, (3) Pro-Cut failed to meet and confer, and (4) the banks that received the subpoenas have not moved to quash them. (#26). Trust Funds state that "[b]ased on information learned for the first time during that belated deposition, the Trust Funds issued the subpoenas at issue in Defendant's Motion, which are related to and were followup to information obtained in that Court-ordered deposition of Pro-Cut's principal, Ms. Witt." *Id.* Trust Funds argue that the "need for the subpoenas is clear," as the deposition "demonstrated that there may have been numerous transactions between Pro-Cut and B. Witt..." *Id.*

Trust Funds assert that they believe that the subpoenas were permitted incidental follow-up to the deposition, and that if Pro-Cut thought that Trust Funds was exceeding the scope of discovery, Pro-Cut should have met and conferred and filed a motion for protective order under Rule 26. *Id.* Trust Funds state that if they "misunderstood the scope of the reopened discovery, the Court should simply clarify the prior ruling to include the subpoenas," as to remove the pertinent information obtained from the subpoenas would be to "reward Pro-Cut for its earlier failure to designate a proper deponent in a timely fashion." *Id.*

Pro-Cut states in its reply that the information obtained through the subpoenas "has no merit to the case" and does not support Trust Funds' position. (#27). Pro-Cut asserts that Trust Funds already filed a motion for summary judgment and did not need the information subpoenaed to file the motion. *Id.* Pro-Cut states that it was not required to meet and confer, as this is not a dispute on a discovery

issue, rather it is about Trust Funds "violating a direct order from this Court." *Id.* Pro-Cut argues that if Trust Funds wanted to do additional discovery, they should have filed a motion with the court. *Id.*

### C. Relevant Law/Discussion

The court held a hearing on the motion for order to show cause (#21) on April 10, 2013. (#30). The parties represented during the hearing that Silver State Bank complied with the subpoena and produced documents, but that Citibank did not produce any documents due to defense counsel providing Citibank's counsel with a copy of the court's order stating that discovery was not re-opened (#14). Plaintiffs re-asserted that they believed that the subpoenas were "incidental follow-up" discovery, and stated that they did not intend to violate this court's order (#14). Plaintiffs also stated that they were concerned with what to do about the Citibank subpoena. Defendant argued that the Citibank subpoena seeks records that are irrelevant to this action, and asked the court to impose sanctions for plaintiff's failure to comply with this court's order (#14).

Pursuant to Local Rule IA 4-1, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in pro se who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court." Defendant asks this court to impose sanctions in the form of either dismissal of the action, forbidding plaintiffs from using at trial any subpoenaed document, or awarding fees and costs. (#21).

The court finds that sanctioning plaintiffs is not warranted in these circumstances. The court admonishes plaintiff that it would have been more prudent to (1) alert defense counsel of their intention to subpoena the bank records, (2) attempt to resolve any dispute with defendant regarding the subpoenas, and (3) file a motion with the court if the parties could not reach a resolution after a good faith effort to do so. The court will not strike the records produced by Silver State Bank, but defendant

is free to file a motion *in limine* with the District Judge seeking to exclude the records from evidence at trial. With regard to the Citibank subpoena, the defendant has until May 2, 2013, to (1) meet and confer with plaintiffs' counsel in a good faith effort to resolve any objection to the subpoena, or, (2) if the parties are unable to resolve issues with the Citibank subpoena, to file a motion for protective order.

Accordingly and for good cause shown,

IT IS ORDERED that defendant Pro-Cut, LLC's Motion For Order To Show Cause for Violating A Court Order and/or Sanctions (#21) is DENIED.

IT IS FURTHER ORDERED that the defendant has until May 2, 2013, to (1) meet and confer with plaintiffs' counsel in a good faith effort to resolve any objection to the subpoena, or, (2) if the parties are unable to resolve issues with the Citibank subpoena, to file a motion for protective order.

DATED this 10th day of April, 2013.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE