1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

5

6

7

8

9

10

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al.,      ) ) ) )          Plaintiffs, )     vs. ) ) PRO-CUT LLC, ) )          Defendant. ) _____) | Case No.: 2:12-cv-00205-GMN-VCF **ORDER** |

11

12

13

14

15

16

17

18

19

Pending before the Court is a Joint Motion to Set Aside (ECF No. 57) filed by Evelyn Bruns-Witt, Bentar Development, Inc., CM Builders, Inc., Forte Speciality Contractors, LLC, and Aegis Security Insurance Company (collectively "Defendants").[1]  Plaintiffs are the Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust (collectively "Trustees").  The Trustees filed a Response (ECF No. 58) and Defendants filed a Reply (ECF No. 61).  For the reasons set forth herein, the Court will deny this Motion.

20

## I.   BACKGROUND

21

22

This case centers upon the Trustees' claims against Defendant Pro-Cut, LLC ("Pro-Cut") for delinquent ERISA contributions owed by its alleged alter ego, B. Witt Concrete

23

24

25

_____

[1] Although Evelyn Bruns-Witt is an interested party in this case and not a formal defendant, the Court will adopt the parties' language in this instance.

Cutting, Inc. ("B. Witt").[2]  On August 9, 2013, the Court found that Pro-Cut was the alter ego of B. Witt. (Order 8:8, ECF No. 40).  As a result, the Court granted the Trustees' motion for summary judgment and denied Pro-Cut's competing motions for summary judgment. (*Id.* 8:9). Accordingly, the Clerk of Court entered judgment in favor of the Trustees that same day. (Clerk's J., ECF No. 41).

On April 15, 2015, the Court granted the parties' stipulated motion to reopen this case for the limited purpose of reviewing subject matter jurisdiction. (Order, ECF No. 56).  Shortly thereafter, Defendants filed this Motion pursuant to Federal Rule of Civil Procedure 60(b)(4) to set aside the Court's Order granting the Trustees' motion for summary judgment. (Mot. to Set Aside 1:24–25, ECF No. 57).

## II.  LEGAL STANDARD

A motion to set aside that asserts a judgment is void pursuant to Rule 60(b)(4) is generally granted "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citation omitted).  "[W]hen deciding whether an order is 'void' under . . . Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a clear usurpation of power." *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1199 (9th Cir. 2008), *aff'd*, 559 U.S. 260, 130 (2010) (citation omitted).  There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

## III.  DISCUSSION

In support of the instant Motion, Defendants' briefing merely points the Court to other briefs filed by the parties in a related case. (Joint Mot. to Set Aside 1:21–2:13, ECF No. 57).

---

[2] Pro-Cut declared bankruptcy on January 22, 2014. (*See* Notice of Bankruptcy 1:23, ECF No. 50).

These briefs, attached as seven different exhibits, contain legal arguments not included in the Motion.  In fact, the Motion is completely devoid of any legal argument.  Together, the Motion and exhibits total approximately 158 pages, clearly over the page limit of 30 pages set by the District of Nevada's local rules. *See* L.R. 7-4.  This appears to be an attempt on the part of defense counsel to circumvent the page limit.  The Court will not reward Defendants' gamesmanship by sifting through the docket of a separate case to determine whether their Motion has merit. *See, e.g.*, *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting "the now familiar maxim, '[j]udges are not like pigs, hunting for truffles buried in briefs.'") (citations omitted).  Accordingly, as Defendants have failed to support their request to set aside the Court's judgment with legal argument, the Motion will be denied.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Set Aside Judgment (ECF No. 57) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants shall have until February 24, 2016 to refile a Motion to Set Aside that complies with the District of Nevada's local rules.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close the case if Defendants fail to file said motion.

**DATED** this __10__ day of February 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

Page 3 of 3