UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al., | ) ) ) ) Case No.: 2:12-cv-00205-GMN-VCF |
| Plaintiffs, vs. PRO-CUT LLC, Defendant. | ) **ORDER** ) ) ) ) ) ) ) |

Pending before the Court is a Second Motion to Set Aside (ECF No. 63) filed by Evelyn Bruns-Witt, Bentar Development, Inc., CM Builders, Inc., Forte Speciality Contractors, LLC, and Aegis Security Insurance Company (collectively "Intervenors"). Plaintiffs are the Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust (collectively "Trustees"). Trustees filed a Response (ECF No. 67), and Intervenors filed a Reply (ECF No. 68).[1] For the reasons set forth herein, the Court grants this Motion.

---

[1] Trustees also filed a Motion for Leave to File a Sur-Reply (ECF No. 69). Local Rule 7–2(a)(c) allows a for motion, a response, and a reply. No provision exists for filing a sur-reply. Thus, a party must obtain leave from the Court before filing a sur-reply. "A sur-reply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond.*" *Kanvick v. City of Reno*, No. 3:06–CV–00058, 2008 WL 873085, at *1 n.1 (D. Nev. Mar. 27, 2008). Further, sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. W.*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).

Here, Trustees requests an opportunity to respond to new case law presented by Intervenors in their Reply. *See* (Mot. for Leave to File Sur–Reply 2:8–12). Intervenors have not opposed this Motion. Because Intervenors present new matters for the first time in the Reply and have failed to oppose the motion, the Court grants

Page 1 of 5

## I. BACKGROUND

This case centers upon Trustees' claims against Defendant Pro-Cut, LLC ("Pro-Cut") for delinquent ERISA contributions owed by its alleged alter ego, B. Witt Concrete Cutting, Inc. ("B. Witt").[2] On August 9, 2013, the Court found that Pro-Cut was the alter ego of B. Witt. (Order 8:8, ECF No. 40). As a result, the Court granted Trustees' motion for summary judgment and denied Pro-Cut's competing motions for summary judgment. (*Id.* 8:9). Accordingly, the Clerk of Court entered judgment in favor of Trustees that same day. (Clerk's J., ECF No. 41).

On April 15, 2015, the Court granted the parties' stipulated motion to reopen this case for the limited purpose of reviewing subject matter jurisdiction. (Order, ECF No. 56). Shortly thereafter, Intervenors filed this Motion pursuant to Federal Rule of Civil Procedure 60(b)(4) to set aside the Court's Order granting Trustees' motion for summary judgment for lack of subject matter jurisdiction. (Mot. to Set Aside 1:24–25, ECF No. 63).

## II. LEGAL STANDARD

A motion to set aside that asserts a judgment is void pursuant to Rule 60(b)(4) is generally granted "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citation omitted). If the court determines that the judgment is void, it has no discretion to deny relief from judgment. *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980). "[W]hen deciding whether an order is 'void' under . . . Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a clear usurpation of power." *Espinosa v. United Student Aid*

---

Trustees' request to file a sur-reply. *See* D. Nev. R. 7–2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

[2] Pro-Cut declared bankruptcy on January 22, 2014. (*See* Notice of Bankruptcy 1:23, ECF No. 50).

*Funds, Inc.*, 553 F.3d 1193, 1199 (9th Cir. 2008), *aff'd*, 559 U.S. 260, 130 (2010) (citation omitted).  There is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void.  *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

## III.     DISCUSSION

Merely pleading that a case arises under ERISA is insufficient on its own to confer federal subject matter jurisdiction. *See Peacock v. Thomas*, 516 U.S. 349, 353–54 (1996) (holding that a veil-piercing claim, brought to enforce a judgment against a non-party to previous ERISA action, did not state a cause of action under ERISA and could not independently support federal jurisdiction).  Intervenors argue that pursuant to *Peacock* the Court should set aside its judgment in this case because it lacked subject matter jurisdiction to decide the matter.  Specifically, Intervenors assert that "there is no claim for direct [ERISA] liability against Pro-Cut" given that "Pro-Cut did not exist at the time the ERISA judgment was entered against B Witt." (Mot. to Set Aside 10:24–27, ECF No. 63).  In response, Trustees contend that a successor entity need not exist at the time of the original ERISA violation to assert direct liability under an alter ego theory because "[w]hen one company is the alter ego of another, there is no true predecessor or successor, only one company." (Resp. 8:16–17, ECF No. 67).

Whether an alter ego claim independently supports federal jurisdiction presents an issue of first impression in the Ninth Circuit and is the subject of a circuit split. *Compare Ellis v. All Steel Const., Inc.*, 389 F.3d 1031, 1035 (10th Cir. 2004) ("[I]f ERISA liability is asserted derivatively against a second entity that did not directly participate in the ERISA violation—as for example, where successor liability is asserted—then a separate basis for federal jurisdiction must be established."), *and U.S.I. Properties Corp. v. M.D. Const. Co.*, 230 F.3d 489, 499 (1st Cir. 2000) ("Since the alter ego argument offers a new substantive theory that seeks to establish liability directly on the part of a third party, . . . some independent ground for federal

jurisdiction is necessary."), *with Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000) ("[A] contention that *A* is *B*'s 'alter ego' asserts that *A* and *B* are *the same entity*."), *and Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 301–02 (6th Cir. 2005) (same).  The Court need not enter this fray, however, because the Trustees have not demonstrated that jurisdiction is proper under either approach.[3]

Trustees do not dispute that the *Ellis* line of cases foreclose jurisdiction in this action. These cases require an independent basis for jurisdiction where alter ego liability is alleged vicariously against a successor entity. *See Ellis*, 389 F.3d at 1035.  However, "[n]o separate federal jurisdictional basis is needed when ERISA liability is asserted *directly* against a second entity based upon that second entity's direct role in the ERISA violation." *Id.*; *see also Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Lee*, No. 15-cv-8081 (KBF), 2016 WL 1064616, at *4 (S.D.N.Y. Mar. 14, 2016).  Here, Trustees could not allege that Pro-Cut directly participated in the ERISA violation because Pro-Cut did not exist when B. Witt's ERISA violation occurred.  As a result, this case is "a garden-variety judgment-enforcement action based on a retroactive alter-ego claim." *Id.* at 1036.  Consequently, while Pro-Cut may be liable for the underlying ERISA violation under an alter ego theory, the Court has no authority to make that determination.

In addition, the *Elite Erectors* line of cases relied upon by Trustees are similarly inapposite.  In *Elite Erectors*, no preexisting judgment against the ERISA employers existed. *Elite Erectors*, 212 F.3d at 1033.  Instead, the *Elite Erectors* plaintiffs brought a single lawsuit

---

[3] The Court observes that this split has arisen despite the Supreme Court's indication in *Peacock* that its holding, though specifically addressing a veil-piercing claim, was broad enough to address the conflicting practices of several circuits that had involved alter ego claims. *See Peacock*, 516 U.S. at 352 n.2 (noting that the Court was resolving a conflict between *Sandlin v. Corporate Interiors Inc.*, 972 F.2d 1212, 1218 (10th Cir. 1992) (finding no jurisdiction over alter ego claim) and *Blackburn Truck Lines, Inc. v. Francis*, 723 F.2d 730, 731–32 (9th Cir. 1984) (affirming jurisdiction over alter ego claim)).

against the original ERISA employers and their alter egos. *Id.* As the Seventh Circuit noted, such facts are distinguishable from the facts here, where the instant lawsuit is simply an attempt to collect on a judgment obtained in a separate lawsuit. *See id.* at 1037 ("*Peacock* is limited, we have held, to successive litigation."). Trustees have therefore failed to demonstrate that jurisdiction exists under the *Elite Erectors* approach.

Because the parties are not diverse from one another and Trustees' alter ego claim does not arise under federal law, no arguable basis for jurisdiction exists in this case. Accordingly, the Court's Order of August 9, 2013 (ECF No. 40) is void for lack of subject matter jurisdiction.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Trustees' Motion for Leave to File a Sur-Reply is **GRANTED** (ECF No. 69).

**IT IS FURTHER ORDERED** that Intervenors' Renewed Motion to Set Aside Judgment (ECF No. 63) is **GRANTED**.

The Clerk of Court shall close the case.

**DATED** this __26__ day of April 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge