**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TRUSTEES OF THE CONSTRUCTION   )
INDUSTRY AND LABORERS HEALTH   )
AND WELFARE TRUST, *et al.*,   )   Case No.: 2:12-cv-00205-GMN-VCF
                               )
              Trustees,        )   **ORDER**
     vs.                       )
                               )
PRO-CUT LLC,                   )
                               )
              Defendant.       )
                               )

Pending before the Court is Trustees'[1] Motion for Reconsideration, (ECF No. 71), of the Court's Order, (ECF No. 70), entered April 26, 2016.  Intervenors Evelyn Bruns-Witt, CM Builders, Inc., Forte Speciality Contractors, LLC, and Aegis Security Insurance Company (collectively "Intervenors") filed a Response, (ECF No. 74), and Trustees filed Reply, (ECF No. 76).  For the reasons discussed below, the Court DENIES Trustees' Motion.

## I.   BACKGROUND

This case centers upon the Trustees' claims against Defendant Pro-Cut, LLC ("Pro-Cut") for delinquent ERISA contributions owed by its alleged alter ego, B. Witt Concrete Cutting, Inc. ("B. Witt").[2]  On August 9, 2013, the Court found that Pro-Cut was the alter ego of B. Witt. (Order 8:8, ECF No. 40).  As a result, the Court granted the Trustees' motion for summary judgment and denied Pro-Cut's competing motions for summary judgment. (*Id.* 8:9).

---

[1] "Trustees" are the Board of Trustees of the Construction Industry and Laborers Health and Welfare Trust; the Board of Trustees of the Construction Industry and Laborers Joint Pension Trust; the Board of Trustees of the Construction Industry and Laborers Vacation Trust; and the Board of Trustees of Southern Nevada Laborers Local 872 Training Trust.

[2] Pro-Cut declared bankruptcy on January 22, 2014. (*See* Notice of Bankruptcy 1:23, ECF No. 50).

1  Accordingly, the Clerk of Court entered judgment in favor of the Trustees that same day.
2  (Clerk's J., ECF No. 41).

3  On April 15, 2015, the Court granted the parties' stipulated motion to reopen this case
4  for the limited purpose of reviewing subject matter jurisdiction. (Order, ECF No. 56).  Shortly
5  thereafter, Intervenors filed a Motion pursuant to Federal Rule of Civil Procedure 60(b)(4) to
6  set aside the Court's Order granting the Trustees' Motion for Summary Judgment. (Mot. to Set
7  Aside 1:24–25, ECF No. 57).  The Court granted Intervenors' Motion to Set Aside, finding that
8  "this case is a 'garden-variety judgment-enforcement action based on a retroactive alter-ego
9  claim.'" (Order 4:15–16, ECF No. 70) (quoting *Ellis v. All Steel Const., Inc.*, 389 F.3d 1031,
10 1036 (10th Cir. 2004)).  The instant Motion asks the Court to reconsider its Order. (*See* Mot.
11 for Reconsideration, ECF No. 71).

12 **II.     LEGAL STANDARD**

13 "[A] motion for reconsideration should not be granted, absent highly unusual
14 circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Reconsideration is
15 appropriate where: (1) the court is presented with newly discovered evidence, (2) the court
16 committed clear error or the initial decision was manifestly unjust, or (3) if there is an
17 intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*,
18 5 F.3d 1255, 1263 (9th Cir. 1993).  However, a motion for reconsideration is not a mechanism
19 for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386,
20 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier,"
21 *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).  Thus, Rules
22 59(e) and 60(b) are not "intended to give an unhappy litigant one additional chance to sway the
23 judge." *See Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

24
25

### III. DISCUSSION

Plaintiff requests that the Court "reconsider its Order because Pro-Cut's direct, ongoing liability for Trust Fund contributions presents a federal question and there is, therefore requisite arguable basis for jurisdiction." (Mot. to Reconsider 3:2–4, ECF No. 71). However, the Court has reviewed its prior Order and the arguments presented by Trustees and has found no reason to overturn its Order. The Court finds neither clear error nor manifest injustice in its reasoning that ERISA fails to confer federal jurisdiction over this matter. Further, jurisdiction is not proper under § 301 of the Labor Management Relations Act ("LMRA"). Section 301 provides federal jurisdiction in "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). This case, however, does not implicate a contract between Trustees and Pro-Cut but is "rather simply an attempt to collect on a judgment obtained in a separate lawsuit." (Order 5:2–4, ECF No. 70). Accordingly, Trustees' Motion to Reconsider is denied.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Trustees' Motion for Reconsideration, (ECF No. 71), is **DENIED**.

**DATED** this __31__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge